# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1553V

|  |  |
|---|---|
| SARA KINSEY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 5, 2025 |

*Michael Avrim Firestone, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 11, 2023, Sara Kinsey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she received a shoulder injury related to vaccine administration following an influenza vaccine she received on September 11, 2020. Petition, ECF No. 1. On March 7, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,680.07 (representing $37,150.10 in fees plus $529.97 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 18, 2025, ECF No. 42. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 42 at 59.

Respondent reacted to the motion on August 28, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 43. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The attorney rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

However, regarding paralegal work, Petitioner requests $225.00 for paralegal work performed by Pat Barrick in 2023 and $240.00 for paralegal work performed by Pat Barrick in 2024 and 2025. These rates exceed the Vaccine Program's published hourly range for paralegals for 2023, 2024, and 2025, and require adjustment.[3] I will therefore compensate all paralegal work performed in 2023 at the rate of $186.00 per hour, work performed in 2024 at the rate of $197.00 per hour, and work performed in 2025 at the rate of $212.00 per hour. These rates are consistent with the Vaccine Program's published range for paralegals for those years and reflect the highest rate in the range. **This reduces the amount of fees to be awarded by $657.40**.[4]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 42 at 30-37. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and they shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. Petitioner is awarded attorneys' fees and costs in the total amount of **$37,022.67 (representing $36,492.70 in fees plus $529.97 in costs)** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement. In the absence of a timely-filed motion for review (see Appendix B to the

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as follows: ($225.00 - $186.00 = $39.00 x 0.80 hrs) + ($240 - $197.00 = $43.00 x 13.00 hrs.) + ($240.00 - $212.00 = $28.00 x 2.40 hrs.) = $657.40.

Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.